UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ADRIAN BATTLE,

          Plaintiff,

v.                                    Case No. 3:22-cv-448-BJD-JBT

CLAY COUNTY COURT, et al.,

          Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Adrian Battle, a pretrial detainee at the Clay County Detention Facility, initiated this action pro se by filing a complaint for the violation of civil rights (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Doc. 2). In the section of the complaint identifying the parties, Plaintiff names seven Defendants: five officers with the Clay County Sheriff's Office; his former public defender; and the attorney prosecuting him in state court. Compl. at 2-5. In the case caption, however, Plaintiff identifies the Defendants as, "Clay County Court/Clay County Sheriff's Office." Id. at 1.

Plaintiff alleges the named officers illegally arrested him; his former attorney "[lied] in open court" about discovery efforts and was "working [with the prosecutor] to convict [him] instead of trying to fight for [him]"; and the prosecutor "falsif[ied] documents." Id. at 14-17. Plaintiffs says the officers

lacked probable cause to arrest him because they arrested him outside of their jurisdiction and "tamper[ed] with evidence." Id. at 14-15. He asserts the four surveillance videos purporting to capture the undercover drug sales for which he was arrested do not show him. Id. He says he appears "nowhere in the videos," which he and his attorney viewed on December 28, 2021. Id. at 15. As relief, Plaintiff seeks $500,000 and for the charges against him to be dropped. Id. at 7.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). See also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked

assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. Iqbal, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See id. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. Plaintiff does not identify a precise claim he seeks to bring against the named Defendants, but he contends the Defendants violated his due process rights, and his rights under the Fourth and Fifth Amendments. Compl. at 5.

Given Plaintiff primarily challenges his arrest and prosecution, only the Fourth Amendment's protections are implicated. The Fifth Amendment does not apply here because Plaintiff is proceeding against state actors, not federal actors. See Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir.

3

1989) (explaining the Fifth Amendment governs the conduct of federal actors, whereas the Fourteenth Amendment governs the conduct of state actors). Additionally, when a constitutional amendment "provides an explicit textual source of constitutional protection," that amendment guides the analysis, "not the more generalized notion of 'substantive due process.'" Graham v. Connor, 490 U.S. 386, 395 (1989).

Liberally construing Plaintiff's allegations, it appears he seeks to raise a claim of false arrest or malicious prosecution under the Fourth Amendment, which provides, in relevant part, that people have the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests." Williams v. Aguirre, 965 F.3d 1147, 1158 (11th Cir. 2020) (citing Wallace v. Kato, 549 U.S. 384, 388-89 (2007)). If an officer had probable cause for an arrest, the arrestee may not later sue the officer under a theory of false arrest. Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir. 2010) ("[T]he existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest."). See also Wood v. Kesler, 323 F.3d 872, 878 (11th Cir. 2003) ("An arrest does not violate the Fourth Amendment if a police officer has probable cause for the arrest.").

On the other hand, a claim for malicious prosecution accrues when a seizure happens "pursuant to legal process" and requires a plaintiff to allege officers "instituted or continued a criminal prosecution against him, with malice and without probable cause, that terminated in his favor and caused damage to him." Williams, 965 F.3d at 1157 (internal quotation marks omitted).

A review of Plaintiff's state court dockets shows he was arrested with legal process, or through an arrest warrant. See Clay County Clerk of Court and Comptroller website, available at https://clayclerk.com/search-records/ (last visited Apr. 25, 2022). As such, Plaintiff cannot proceed on a claim for false arrest. See Williams, 965 F.3d at 1158. See also Giles v. Manser, 757 F. App'x 891, 895 (11th Cir. 2018) (noting the plaintiff's claim was "one of malicious prosecution rather than false arrest" because he was arrested pursuant to a warrant). Plaintiff also cannot proceed on a claim for malicious prosecution because the criminal actions against him have not terminated in his favor. Cf. Laskar v. Hurd, 972 F.3d 1278, 1295 (11th Cir. 2020) (holding the plaintiff stated a malicious prosecution claim where he alleged the charges that justified his seizure were formally terminated). The Court takes judicial notice that Plaintiff has four open criminal cases in Clay County, which are set to proceed to trial on May 16, 2022. See Clay County Clerk of Court and

5

Comptroller website, available at https://clayclerk.com/search-records/ (last visited Apr. 25, 2022).[1]

To the extent Plaintiff wants this Court to interfere in his criminal proceedings pending in state court, the Court will abstain from doing so. Any objections Plaintiff has to his arrest or prosecution should be addressed in the state court through a proper motion or at trial. "[T]he Supreme Court established that 'absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions.'" Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004) (citing Younger v. Harris, 401 U.S. 37, 41 (1971)).

Even if Plaintiff had a viable claim against any named officer, he may not proceed against the Clay County Sheriff's Office, his former public defender, the judge, or the prosecutor. A sheriff's office or jail facility is not a legal entity subject to suit under § 1983. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) (citing Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992)). Similarly, in representing a client, a public defender does not act "under color of state law within the meaning of § 1983." Polk Cnty. v. Dodson, 454 U.S. 312, 321, 325 (1981). Finally, judges and

---

[1] All charges against Plaintiff stem from undercover operations for the "controlled purchase" of drugs.

prosecutors enjoy absolute immunity from suit for actions taken in their official capacities. See <u>Dykes v. Hosemann</u>, 776 F.2d 942, 943 (11th Cir. 1985) (per curiam) ("[A] judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability."); <u>Rivera v. Leal</u>, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.").

Accordingly, it is

**ORDERED:**

1.     This case is **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of April 2022.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:     Adrian Battle

7